JAMES W. BRIDGEFORTH et al. *v.* WILLIAM B. GRAY.

1. HIGH COURT: RES ADJUDICATA.—The decision of this court, settling the construction of a will, is final and conclusive on the parties, and constitutes the law of the case in all subsequent proceedings, both in the court below and in this court.
2. SAME: CONFLICT OF LAWS: EFFECT OF CONSTRUCTION OF A FOREIGN WILL BY THE COURTS OF THAT JURISDICTION.—The construction of a will made by a court in the jurisdiction in which the testator was domiciled at the time of his death, cannot be pleaded in bar of the decision of this court on the same will made at a former term, unless the title of the persons entitled to the property devised by it has been perfected by their taking possession of it under the decision of the foreign forum.

APPEAL from the Chancery Court of De Soto county.   Hon. P. T. Scruggs, chancellor.

*A. M. Clayton,* for appellants.

This case was formerly before this court, and is reported in 4 Geo. 312.

It was then decided upon demurrer in favor of Bridgeforth. The sole point presented by the demurrer was the validity of the limitation contained in the will of David Bridgeforth.   The limitation was sustained, and the cause remanded for answer.

In his answer, the defendant, Gray, sets up the copy of a decree in the Chancery Court of Tennessee, placing a construction on the will different from that adopted by this court, and pleads the decree in bar.   The court below sustained the plea.

James W. Bridgeforth et al. *v.* William B. Gray.

Whatever effect might have been conceded to this plea had it been filed previous to the demurrer, it *now* comes too late. There is an order, a progression in pleading, which must be observed. A party, by neglecting to plead an estoppel when he may, thereby consents to waive the same, and submit the whole controversy upon the merits. *Trevivan* v. *Lawrence*, 1 Salk. 276; 1 Chit. Pl. 509. The same rule prevails in equity. A party is not permitted to try his case by halves, and, after a decree against him, to vary the facts, and ask another and different decree upon them. *Hannum* v. *Cameron*, 12 S. & M. 513; *Manly* v. *Kidd*, 4 Geo. 148. If the plea had been filed before the demurrer, the question of its conclusiveness would have been fairly raised. But by the failure to do this, this court was called on to place its own construction upon the will. This was done, and its decision is *res adjudicata*, as much so as that of the Tennessee court. Afterwards the decision of the Tennessee court is introduced, and a conclusive effect claimed for it, as *res adjudicata*. Here is one decision against another. Shall this court recede from its own judgment to give place subsequently to the judgment of another tribunal? We think not. The conflict of decision, if any, was brought about by the negligence and omission of the defendant, Gray, and the consequences should rest upon himself. This is the universal rule. The decision of this court upon the demurrer determined the rights of the parties. The court said: "We cannot doubt but that the limitation over, under the fifth item of the will, is a valid executory devise, to which the appellees are entitled." 4 Geo. 336. The construction of the will is no longer the subject of controversy; it is fixed by the court. Even if satisfied that this decision was wrong, which, however, we do not believe or concede, it has passed beyond its control, and the court can neither recall nor reverse it. Yet this is what it is asked to do, but what cannot be done except by setting aside its own judgment of a former term, and rendering a new one. If this may be done in one case, and for one reason, it may be done in any other, and litigation will be endless.

We think, therefore, the court will abide by its decision

upon the demurrer, and hold that the party waived all benefit of his plea, by failing to make it at the proper time.

*Watson* and *Craft,* on same side,

Cited 1 Greenl. Ev. §§ 532–535 ; 1 Starkie Ev. 185 ; 1 Speed, 638 ; *Hopkins* v. *Lee,* 6 Wheat. 109 ; 6 Ala. 27 ; 3 Phil. Ev. (C. & H. note) 826 ; *Smith* v. *Sherwood,* 4 Conn. R. 276.

*H. W. Walter,* for appellee,

Cited 2 Story's Eq., title Wills and Testaments, § 1056 ; *Bowers* v. *Smith,* 10 Paige, 193 ; *Lonlard* v. *Coster,* 5 Ib. 215 ; *Hawley* v. *James,* Ib. 318 ; *Booker* v. *Booker,* 5 Hump.; *Goodrich* v. *How,* 4 Day ; *Sheet* v. *Hawks,* 14 Serg. & R. 173 ; *McKinney* v. *Craw- ford,* 8 Ib. 351 ; *Colton* v. *Colton,* 4 Rand. 193 ; *Brown* v. *Gibson,* 1 Nott & McC. 326 ; *Eslip* v. *Watkins,* 1 Bland. Ch. R. 486 ; *Fischelli* v. *Fischelli,* 1 Blackf. 360 ; *Hollis* v. *Morris,* 2 Harring- ton, 128 ; *Emberry* v. *Conner,* 3 Comst. 571 ; *Whitlock* v. *Trane,* 25 Ala. 317 ; *Gardner* v. *Gardner,* 7 Paige, 119 ; *Bank of W. S.* v. *Beverly,* 1 How. (S. C.) 134.

*George S. Yerger,* on same side.

This case was before the court upon demurrer to the bill. The demurrer of Gray was overruled and he was ordered to answer, and the cause was remanded for an answer. The will was made in Tennessee, and the limitations in it were decreed by the court upon what it supposed was the law of Tennessee.

After the cause went back, Gray, the defendant, answered, and pleaded in his answer that the matters and things embraced in the bill were settled and adjudicated by the Chancery Court in Tennessee, upon the petition of all the parties ; and that the de- cree in that case was, that the children of Bridgeforth held the absolute interest in the property devised to them, and that a division of the property was ordered accordingly, and that the matter was "*res adjudicata ;*" and this decree was relied on as a bar to this suit.

The court below so decreed.

The appellants seek to avoid this decree, upon two grounds :

1. Judge Clayton insists that, as the defendant, Gray, demurred

to the bill, and did not in the first instance rely on the decree in Tennessee as an estoppel, that he waived it, and cannot now rely on it; and on this he cites, 1 Salk. 276; 1 Ch. Pl. 309.

This position is new to us. In chancery, where a demurrer to a bill is overruled, the decree is to answer over; and in the answer or plea, the party may rely on "payment," a "release," a former judgment or decree, or any thing which is a defence.

The decision of this court was, that on the face of the bill, which set out the will, the limitation over was good by the general law of Tennessee. Whether the court was right or wrong in this case, as a general principle, it surely did not preclude the defendant, by his answer, to set up and prove a final decree in Tennessee deciding and settling the case for him. This matter—that is, the conclusiveness of the Tennessee decree—was not before the court. It did not pass upon it.

The defendant may at once have relied upon it. But if, to avoid the expense and costs of a transcript, his counsel believed the case, on general principles, was for him, he had the right to demur.

Does a demurrer to a bill alleging the instrument gave the complainant no right, if the court is of opinion against him that it does give a right, preclude him from showing a payment, or release, or decree between all the parties? Surely not.

Judge Clayton's authorities are wholly inapplicable. They merely decide that when a party is bound to plead an estoppel, and does not, that the matter is at large. Here the party pleaded it, and relied on it, so soon as his demurrer was overruled. The position of Judge Clayton is against the practice in chancery, ever since it was a court.

Now, if Gray, in his answer, had insisted that, as a general principle, the decision on the demurrer was wrong, and desired the court to re-examine it, it might present a different question. But even in that case, where the *decision is grounded on a foreign law*, (which, in truth, is but a fact, if a statute of the State of Tennessee or decision of its courts, not before the court on its first argument, satisfied the court it was wrong,) it would correct the decision, upon the demurrer, for it would be a *mistake of fact.*

2. But, again, if this court decided the law of Tennessee wrong in the first instance, it will correct it now. The law of Tennessee is a fact. If it decides it wrong, on general principles, the judgment would not be binding in Tennessee. Story's Conflict, sec. 269. The constitution, and the laws of Congress may have altered this after it has passed into a judgment here; just as any other mistake of fact would be conclusive after a decree; but surely before the case is finally decided, if this court found out it decided erroneously as to the law of Tennessee, it will correct it. It is bound by the law of Tennessee.

If the Supreme Court of the United States have put a wrong construction on a State statute, and the decision of the State tribunal show it, it will afterwards decide in accordance with the State law.

Now this very rule has been adjudicated and decided. It is not appealed from. It is the *law* of this *case*—that is, the law of Tennessee as to this case; and, therefore, independent of the fact of it being *res adjudicata*, this court will on this principle alone decide differently.

Mr. Yerger also reviewed at length and in detail the provisions of the decree to show that the question involved in this case had been settled and decided by it.

HARRIS, J., delivered the opinion of the court:

This is an appeal from the Chancery Court of De Soto county. The same case was before this court on demurrer to the bill, at a previous term, by appeal from the same court overruling the demurrer. The judgment of the court below was then affirmed, settling the construction of the will of David Bridgeforth, out of which this litigation grows. That construction, according to the settled doctrines of this court, is the law of this case here; 17 Vern. 379; 4 Stew. & Por. 40; 10 S. & M., *Loffland et al.* v. *Martin; Carmichael* v. *Phacly, Hunter's Lessee,* (not reported.) Defendants, by their answer, attempt to avail themselves of a decree of the Chancery Court of Giles county, Tennessee, settling the construction of this will in opposition to the previous decision of this court, on the same subject, in the case now before it. The effect of the answer is simply to plead the decision of the forum

when the will was made, in bar of the decision of this court, made at a former term, upon which the parties have acted. This is not allowable upon well-settled principles. Had the plea relied upon an adjudication of the matter in controversy in the foreign forum, and a title thereby acquired and perfected by division of the property and possession under it in due course of law, this would have been a legitimate matter of defence to be made in the answer. But the answer stops short of this: it makes the record of the Chancery Court of Giles county, Tennessee, an exhibit, and shows on its face that while the decree was made for partition according to the construction of the will then pronounced, yet no such partition has ever taken place, and no such title has therefore ever been acquired as can be plead in bar of the recovery here.

The Chancery Court of De Soto county, Mississippi, having conformed its judgment to the opinion of the Chancery Court of Giles county, Tennessee, and dismissed complainants' bill, this decree must be reversed, and cause remanded for a decree and for further proceedings in accordance with the principles of the previous opinions of this court, and the opinion now expressed.

A petition for a re-argument was filed, but a re-argument was refused.

NOTE.—This case was decided at October term, 1858, and omitted to be reported with the cases there decided.